IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TRI-STATE FLOORS, INC.,

        Plaintiff,

v.

JAMES BUNNELL,

        Defendant.

Case No. 19-CV-707-JFH-JFJ

## OPINION AND ORDER

Before the Court is a motion to dismiss ("Motion") filed by Plaintiff Tri-State Floors, Inc. ("Tri-State"). Dkt. No. 117. Tri-State requests dismissal of its federal claim against Defendant James Bunnell ("James"). *Id.* Once the federal claim is dismissed, Tri-State requests the Court decline to exercise supplemental jurisdiction over its remaining state law claims.[1] Tri-State has dismissed its claims against James' codefendants Chad Bunnell and Old Rule Services, LLC. Dkt. No. 116.

Tri-State requests dismissal under Federal Rule of Civil Procedure 41(a)(2), which allows a district court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In the Motion, Tri-State represents that it wants to consolidate its state law claims against James in ongoing litigation in Oklahoma state court and wishes to withdraw its federal claim (and suit) to streamline the efficiency and economy of the parties' litigation. Dkt. No. 117 at 2.

---

[1] Following dispositive motions, Tri-State's live claims against James included: Count 1 for the federal Defend Trade Secrets Act; Count 2 for the Oklahoma Uniform Trade Secrets Act; Count 3 for tortious interference with business relations; Count 5 for breach of fiduciary duty; Count 7 for fraud/false representation/deceit; Count 8 for fraud/nondisclosure/concealment; Count 9 for civil conspiracy; Count 11 for conversion; Count 12 for unjust enrichment; and Count 13 for injunctive relief. Dkt. No. 103 at 48.

When dismissal under Rule 41(a)(2) is requested, "[a] district court should normally grant dismissal without prejudice, absent 'legal prejudice' to the defendant." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022). The parties agree dismissal with prejudice is appropriate here. Dkt. No. 119; Dkt. No. 120.

The Court also finds good cause to grant Tri-State's request that the Court decline to maintain supplemental jurisdiction over Tri-State's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction."). "[D]istrict courts need to 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 350 (1988)). Here, judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction given the Court's overburdened docket[2] and the parties' ongoing parallel litigation in state court.

IT IS THEREFORE ORDERED that the motion to dismiss [Dkt. No. 117] is GRANTED and Tri-State's federal claim against James Bunnell is DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Tri-State's state law claims and DISMISSES them WITHOUT PREJUDICE.

DATED this 19th day of April 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2] *See Ligons v. Experian*, No. 24-CV-45-JFH-MTS, 2024 WL 1262470, at *3 (N.D. Okla. Mar. 25, 2024) (describing the current state of the Northern District of Oklahoma case filings).